# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## CIVIL NO.  5:08CV61-V
## (5:02CR31-V)

QUENTIN ORLANDO RUTLAND,     )
          )
        Petitioner,     )
          )
    vs.     )    **MEMORANDUM**
          )    **AND ORDER**
UNITED STATES OF AMERICA,     )
          )
        Respondent.     )
_____)

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or

Correct Sentence pursuant to 28 U.S.C. § 2255 filed June 30, 2008 (Doc. No. 1); Respondent's

Answer and Motion for Summary filed  September 10, 2008 (Doc. Nos. 7 and 8); and

Petitioner's Reply thereto filed November 30, 2008 (Doc. No. 13.)

For the reasons stated below, the Government's Motion for Summary Judgment will be

granted and Petitioner's Motion to Vacate will be denied.

## I. FACTUAL AND PROCEDURAL HISTORY

On July 9, 2002, Petitioner was charged in a three-count Bill of Indictment with

conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 846 and

841(b);and two counts of possession with intent to distribute cocaine base and aiding and

abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. (Criminal Case 5:02cr31, Doc.

No. 3.)  On July 10, 2003, a jury found Petitioner guilty of Counts One and Three and not guilty

of Count Two.  (Id., Doc. 90.)

1

On December 15, 2003, Petitioner appeared for sentencing with counsel. Petitioner filed several objections to the Pre-Sentence Report ("PSR"). First, Petitioner objected to the drug quantity in the PSR. The undersigned concluded that the PSR and the evidence at trial supported 240 grams of cocaine base which was within the range of 150 to 500 grams as calculated by the probation officer. Petitioner also objected to the Government's recommendation that Petitioner receive a two-level enhancement for obstruction of justice. The Court found that the enhancement was applicable and overruled Petitioner's objection. Petitioner also objected to the calculation of his criminal history points, however counsel withdrew that objection at the sentencing hearing finding the objection to be moot based on the probation officer's written response. The Court agreed with counsel's decision to withdraw the objection opining that the objection would not have been sustained on the merits. (12/15/03 Sentencing Transcript at 11.) Finally, Petitioner argued that the Court should grant a downward departure because he was entrapped by the Government. The Court denied Petitioner's motion for a downward departure and sentenced Petitioner to 235 months on Counts One and Three to run concurrently. (Criminal Case 5:02cr31, Doc. No. 101).

Petitioner filed a timely Notice of Appeal on January 22, 2004 (Id., Doc. No. 102.) On June 3, 2005, the Fourth Circuit issued an unpublished opinion vacating Petitioner's sentence and remanding for resentencing consistent with United States v. Booker, 543 U.S. 220 (2005). United States v. Rutland, 133 Fed. App'x 65 (4th Cir. June 3, 2005).

On November 8, 2005, the undersigned conducted a resentencing hearing. The Court sentenced Petitioner to the same 235-month term of imprisonment. (Criminal Case 5:02cr31, Doc. No. 119.) Petitioner again filed a Notice of Appeal in the Fourth Circuit Court of Appeals.

(Id., Doc. No. 117,)   Specifically, Petitioner argued that his sentence was unreasonable because the district court failed to make specific findings on the record.  The Fourth Circuit concluded that Petitioner's 235 month sentence was presumptively reasonable and affirmed the sentence. United States v. Rutland, 203 Fed. App'x 435 (4th Cir. October 17, 2006).  Petitioner filed a Petition for Writ of Certiorari in the Supreme Court of the United States which was denied on June 29, 2007.

On June 30, 2008, Petitioner filed the instant Motion alleging that his counsel was ineffective for: (1) failing to file a pretrial motion to suppress the validity of his pretrial statements to law enforcement; (2) failing to challenge the obstruction of justice enhancement; and (3) withdrawing the challenge to his criminal history calculation at sentencing.

## II. LEGAL DISCUSSION

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . . " in order to determine whether a petitioner is entitled to any relief.  If the motion is not dismissed after that initial review, the court must direct the government to respond.  Id.  The court must then review the government's answer and any materials submitted by the parties and determine whether an evidentiary hearing is warranted pursuant to Rule 8(a).  Following such review, it is clear to the Court that Petitioner is entitled to no relief on his claims; thus a hearing is not required.  Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### A.     Ineffective Assistance of Counsel

To establish a claim of ineffective assistance of counsel, a petitioner must show that

counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. <u>Strickland v. Washington</u>, 466 U.S. 687-91 (1984). In measuring counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. <u>Id</u>. at 689; <u>see also</u> <u>Fields v. Attorney General of State of Md.</u>, 956 F.2d 1290, 1297-99 (4th Cir. 1992). Furthermore, in considering the prejudice prong of the analysis, a court "can only grant relief under . . . <u>Strickland</u> if the 'result of the proceeding was fundamentally unfair or unreliable.'" <u>Sexton v. French</u>, 163 F.3d 874, 882 (4th Cir. 1998) (quoting <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 369 (1993)). The petitioner "bears the burden of proving <u>Strickland</u> prejudice," <u>Fields,</u> 956 F.2d at 1297 (citing <u>Hutchins</u>, 724 F.2d at 1430-31), and if a petitioner fails to meet this burden, a reviewing court need not consider the performance prong. <u>Id</u>, at 1290 (citing <u>Strickland</u>, 466 U.S. at 697).

### 1. Motion to Suppress

Petitioner contends that his counsel was ineffective for failing to file a motion to suppress his pretrial statement which was illegally obtained by law enforcement officials. The Court notes that Petitioner's counsel filed a motion in limine to exclude Petitioner's pretrial statement. (Criminal Case 5:02cr31, Transcript of Preliminary Matters, July 8, 2003 at 9.) The Court allowed both attorneys to put on evidence in response Petitioner's motion. At the conclusion of the evidence, the undersigned determined that Petitioner's confession was voluntary and admissible (<u>Id</u>. at 32.)

The record makes clear that Petitioner's counsel did challenge the admissibility of Petitioner's pretrial statement. Indeed, such motion was the subject of Petitioner's motion in

limine heard on the morning of trial. However, it seems that Petitioner is arguing that his counsel should have filed the motion earlier. In support of this argument, Petitioner notes that the Government, in response to his motion in limine, pointed out to the Court that "[t]he waiver of Miranda form has been in the open file. Counsel has had a year to file a motion to suppress, and he has not done so, and I would submit there's no reason to have a hearing outside of the jury." (Id. at 10.)

This Court is not concerned that counsel did not challenge the admissibility of Petitioner's pretrial statement until the morning of trial because the result would not have been different if he had raised the motion earlier. Indeed, despite the fact that counsel waited until the morning of trial to raise the motion, the undersigned allowed counsel to put on evidence regarding the voluntariness of Petitioner's confession. After hearing the evidence, the Court determined that Petitioner's statement was voluntary and therefore admissible. (Id. at 32.) The Court notes that Petitioner did not then, nor does he now, offer any evidence to establish that his waiver of his Miranda rights was invalid. Petitioner has not established that his counsel was deficient nor has he established prejudice. Therefore, Petitioner's claim that his counsel was ineffective for failing to file a motion to suppress his confession is denied.

### 2. Failure to Object to Obstruction for Enhancement

Petitioner contends that his trial counsel was ineffective for failing to challenge to the obstruction of justice enhancement because the Court found such an enhancement based on a preponderance of the evidence and not proof beyond a reasonable doubt. Petitioner misunderstands the law.

First, the Court correctly applied the preponderance standard in ruling that Petitioner

committed perjury by testifying at trial of his legal innocence despite his earlier confession of guilt. It is well settled that a district court does not violate a defendant''s Sixth Amendment right to a jury trial, in violation of <u>Booker</u>, in enhancing a defendant's sentence under the advisory Sentencing Guidelines based on facts found by the district court by a preponderance of the evidence, rather than by a jury beyond a reasonable doubt. <u>United States v. Morris</u>, 429 F.3d 65, 72 (4th Cir. 2005).

Next, Petitioner's claim that his obstruction of justice charge must be charged in the indictment is without merit. Under <u>Apprendi</u>, only charges that increase the statutory maximum sentence must be contained in the indictment. Enhancements, such as Petitioner's obstruction enhancement, that increase the guidelines range below the statutory maximum, need not be charged in the indictment. <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000). Here, Petitioner received a two-level enhancement for obstruction of justice because he testified and denied involvement in the conspiracy. Petitioner's statutory maximum on the count(s) of conviction (841(b)(1)(A)) was life. Petitioner was sentenced to 235 months. Therefore, Petitioner's obstruction of justice enhancement, which was not charged in the indictment, did not violate <u>Apprendi</u>.

Petitioner has not established either prong of the <u>Strickland</u> test. Therefore his claim that his counsel was ineffective for failing to challenge the obstruction of justice enhancement is denied.

### 3. Withdrawal of Objection Regarding Criminal History Points

Finally, Petitioner contends that his counsel was ineffective for withdrawing his objection pertaining to two of his prior convictions, which led to 3 criminal history points being assessed

against him.  Petitioner contends that the convictions listed in paragraphs 38 and 41 of the PSR were inappropriately calculated.  Paragraph 38 of the PSR indicates that Petitioner was convicted of No Operator's License and No Liability Insurance in NC District Court, Winston-Salem, NC on July 9, 2001.  The charges were consolidated and Petitioner received 60 days imprisonment, suspended, and 12 months probation.  Petitioner received 1 point for this conviction.  Paragraph 41 of the PSR added 2 points to Petitioner's criminal history calculation because at the time of the instant offense, Petitioner was on unsupervised release for the offenses detailed in paragraph 38.

Petitioner  argues that because he "did not submit a guilty plea to the prior convictions in any plea agreement, PSI interview; or at any other time during the trial proceedings" such conviction cannot be counted against him.  (Brief in Support of Motion to Vacate at 14.)  It seems that Petitioner is arguing that since he did not admit to this prior conviction during the instant case, it cannot be counted against him.  While not completely clear to the Court, it also seems Petitioner is arguing that since he did not admit the prior conviction, a jury and not a judge, was required to find that he was previously convicted in order for the prior conviction to be counted toward his criminal history calculation.  The Court notes that Petitioner does not seem to contest that the convictions actually exists, only that he did not plead guilty to them.  In any event, Apprendi, does not require that prior convictions be pleaded in the indictment and determined by a jury. Apprendi v. New Jersey, 530 U.S. 466 (2000).

Next, Petitioner challenges paragraph 42 of the PSR which calculated 2 points toward Petitioner's criminal history score because at the time of the instant offense, he was on unsupervised probation for No Liability Insurance.  As the Probation Officer pointed out in her

response to Petitioner's objections to the PSR, the instant offense took place on April 23, 2002 and continued until May 7, 2002. Records indicate that Petitioner was convicted on No Operator's license and No Liability Insurance in NC District Court, Winston Salem, NC on July 9, 2001. The charges were consolidated and Petitioner received 60 days imprisonment, suspended and 12 months probation. Pursuant to USSG § 4A1.1(d), two points are added if a defendant committed any part of the instant offense while under any criminal justice sentence, including probation. Commentary to § 4A1.1(d) notes that active supervision is not required for this item to apply. Petitioner was under a criminal justice sentence during the instant offense and therefore two points were correctly applied to Petitioner's criminal history computation.

In his reply to the Government's Motion for Summary Judgment, Petitioner argues that he was not represented by counsel for the underlying convictions. However, according to the Probation Officer's response to Petitioner's objections to the PSR, since 1973, North Carolina Courts have been statutorily required to notify all defendants who are subject to any term of imprisonment of their right to counsel. Further, the Probation Officer pointed out that the records indicate that Petitioner was ordered to pay a $200 attorney fee in docket no. 95CR18295 (paragraph 34); he was represented by counsel in docket numbers 99CR3642 (paragraph 35) and 99CR29230 (paragraph 36) and he waived counsel in docket Number 01CR53609 (paragraph 38.) Petitioner does not refute the Probation Officer's response that he was represented by counsel in his underlying convictions.

Petitioner has failed to establish either prong of the Strickland test and his claim that counsel was ineffective for withdrawing his objection to the Probation Officer's computation of his criminal history is denied.

### III. ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DENIED** and **DISMISSED** and the Government's Motion for Summary Judgment is **GRANTED**.

**SO ORDERED**.

Signed: March 3, 2009

Richard L. Voorhees
United States District Judge